## Emaus Borough v. Kinkle

*Carl R. Iobst*, for plaintiff.

*Robert G. Kleckner, William H. Schneller* and *O. J. Tallman*, for defendant.

RENO, P. J., April 7, 1933.—General Baking Company maintains a bakery in Allentown, Lehigh County. It employs the defendant as its salesman. He loads

his truck at the bakery with bread and cakes and for over 2 years has sold them in the Borough of Emaus. Emaus is in the same county and approximately 6 miles from Allentown. He sells the products by visiting the homes of his customers, ascertaining from them how many loaves of bread or cakes they want, and delivering them from the stock in his truck. The truck he drives is owned by the company. He collects the prices from his customers and transmits the collections to the Allentown office. He is paid a salary and commission. He solicits new customers. He is authorized to extend credit to his customers for 1 week. If he extends credit for a longer period and a loss ensues, he is required to bear that loss.

Defendant was prosecuted before and found guilty by the burgess for a violation of an ordinance which prohibits "any person, association, partnership, or corporation to conduct . . . any transient retail business for the sale of goods, wares and/or merchandise . . . until and unless a license . . . shall have been obtained." The ordinance is founded upon the Act of June 9, 1931, P. L. 386, sec. 28, amending section 2910 of The General Borough Act of May 4, 1927, P. L. 519, and in general follows its terms. It provides that "it shall be unlawful for any person, association, partnership, or corporation to conduct . . . any transient retail business" without a license and establishes fees for licenses. The fees are $5 per month for each "transient retail business" and "$5 for each and every additional person or salesman employed in such business."

Before us a number of interesting questions have been raised and argued. The constitutionality of the statute supporting the ordinance, the potentialities inherent in it as an interference with interstate commerce, and whether the fee is a tax or an excise, are among the profound problems which we are asked to decide. We shall examine these vast stores of learning when a case before us requires us to do so.

We pass all these questions to one side, and we decide only those which are controlling. In the first place, the borough is prosecuting the wrong defendant. It is the "transient retail business" which must be licensed. The salesman requires no license. He is merely a factor in the calculation of the fees. The salesman is not the business. His employer is the business. If the salesman is to be punished, the ordinance must be amended.

In the second place, the defendant, even though he is deemed to be the business, is not a "transient retail merchant." He goes from Allentown to Emaus regularly—in fact, daily. He has an established route which he traverses regularly. He sells to the same people regularly, except that, of course, he loses old customers occasionally and gains new customers from time to time. There is nothing transient about his business; he does not sell in Allentown today, in Emaus tomorrow, and in Macungie the next day, and then proceeds to more distant points, returning to Allentown, Emaus and Macungie at some unknown, indefinite date, or perhaps not at all, like the old-time peddler or hawker, the itinerant merchant, who filled a wagon with wares and kept on going from place to place until he had sold them. He is in Emaus regularly, day after day, just as is the town's butcher, its baker or its candlestick maker. That his goods are not made or stored in Emaus or exposed to sale in a permanent market there is beside the point. "Transient", as used in the legislation, means "one who stays for a short time, not regular or permanent." This defendant is a regular vendor in Emaus, and he has a permanent business there. In no sense is he a transient retail merchant.

We note, in passing, that the ordinance provides for the renewal of the license from time to time. That is, it is possible to secure a license each month. This

clearly contemplates a permanent privilege, although the license is issued monthly. What is the nature of that "transient retail business" which requires a permanent license?

Now, April 7, 1933, it is adjudged that defendant is not guilty.

From Edwin L. Kohler, Allentown, Pa.